## PAUL, Sheriff v WILLS

Ohio Appeals, 2nd Dist, Franklin Co

No. 2161. Decided Jan 21, 1932

Joseph McGhee, Columbus, for plaintiff in error.

Messrs. Gillen and Reese, Wellston, and Paul Gingher, Columbus, for defendant in error.

HORNBECK, J.

An examination of the record discloses that the witness upon advice of two citizens of Wellston to the effect that he might claim the privilege of refusing to testify if his answers would tend to incriminate him, asserted his right before the notary. The record is definite that the witness claimed the privilege as a personal right and he asserts in good faith. It appears that neither the notary nor counsel interrogated the witness to determine whether the facts were such as to offer no reasonable probability that an answer to the question would tend to connect him with the commission of any crime. The notary seemed to put the burden on the witness to disclose wherein the answer would incriminate him. In this particular, the instant case may be distinguished from the leading case of **McGorry, Sheriff, v Sutter, 80 Oh St, 400**. In the Sutter case the judge had at length interrogated the witness and satisfied himself that there was no reasonable basis which would justify the privilege asserted by the witness. The questions of the trial judge and answers thereto were not in the record. A habeas corpus action was instituted in behalf of the witness and neither the trial court nor the reviewing courts had before them the facts elicited by the judge upon which he based his order that the witness should testify. Habeas corpus being a collateral attack the court indulged every presumption to sustain the record of the committing officer.

In the instant case if there is any reasonable ground to support the claim of Wills in claiming his privilege to refuse to testify, this court is bound to support it. The election laws relating to absent voters' ballots are extensive and cover some 234 sub-sections to §4785 GC, and set up a comprehensive and elaborate system looking to the securing, casting and counting of absent voters' ballots. §4785-135 GC provides for the application for a ballot, and says that the application shall be made on a blank to be furnished by the clerk of the board of the county of which the applicant is an elector, and shall be substantially in the following form. Then follows a form which contemplates the taking of an oath before a notary public to the facts to be set forth in the application.

We have serious doubt if the oath is necessarily of the substance of this application, and it may be that it could be waived. However, it is probable that an election board would in many instances base its determination of the right of an applicant to an absent voter's ballot upon the support of the applicant's statement afforded by his oath before a notary public. Therefore his statement that he has sworn to the material facts appearing in his application might very properly operate to cause the board of elections to extend him the privilege contemplated by the section. §4785-211 GC provides, among other things, that,

"Whoever makes a false representation in order to obtain an absent voter's ballot shall be guilty of a felony," etc.

Counsel for defendant in error claim that obviously the answer of the witness naming the candidate for mayor of Wellston for whom he voted, would carry with it the conclusion that he had received a ballot and might provide a necessary link in the chain of proof tending to show that he had obtained an absent voter's ballot by false representation and that the false representation was made in order to obtain that ballot.

It seems to us that the effect of the an-

swer of the witness to the questions insisted upon by the plaintiff in error might logically and reasonably tend to incriminate him. In any event we can not say that it would not have that effect.

There may be other sections of the election laws relating to absent voter's ballot which were violated by Wills and concerning which a link might be supplied if he were compelled to admit that he had cast an absent voter's ballot in the contest for mayor of the city of Wellston.

We have hurriedly determined this question in order to assist counsel in the expedition of the election contest case which we understand is pending and under continuance at Wellston.

ALLREAD, PJ, and KUNKLE, J, concur.